UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

    Defendants.
    _____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT ZAJAC'S MOTIONS (1)TO DISMISS THE SEVENTH SUPERSEDING INDICTMENT [238], (2) FOR DISCLOSURE OF GRAND JURY RECORDINGS, TRANSCRIPTS, DOCUMENTS AND EXHIBITS REGARDING THE FIFTH SUPERSEDING INDICTMENT [236], AND (3) FOR DISCLOSURE OF GRAND JURY RECORDINGS, TRANSCRIPTS, DOCUMENTS AND EXHIBITS REGARDING THE SEVENTH SUPERSEDING INDICTMENT [237]**

At a hearing held on September 11, 2014, this criminal matter came before the Court on Defendant Zajac's motions (1) to dismiss the Seventh Superseding Indictment [238], joined by Defendants Dixon [243], Stewart [252], and Beasley [266]; and (2) for disclosure of grand jury recordings, transcripts, documents and exhibits regarding the Fifth [236] and Seventh [237] Superseding Indictments. For the reasons stated below and at the hearing, Defendant Zajac's motions are DENIED.

**I.    Background**

Defendant Zajac was first named as a Defendant in the Fifth Superseding Indictment that was returned on March 20, 2013 by Special Grand Jury 11-5. Special Grand Jury 11-5 was selected and empaneled on September 9, 2011 and returned the true bill for the Fifth

1

Superseding Indictment on March 20, 2013. Under 18 U.S.C. § 3331(a), the Special Grand Jury's term was to last for eighteen months. Defendants Zajac, Beasley, Stewart, and Dixon filed motions to dismiss the Fifth Superseding Indictment [176, 177, 181, 182], raising the same arguments that Defendant Zajac repeats here – that Special Grand Jury 11-5 lacked the authority to conduct business after March 9, 2013 and thus the Fifth Superseding Indictment was a "nullity" and void. The government filed a response opposing Defendants' motions, but also republished this criminal matter to the current Special Grand Jury 13-1 on April 9, 2014 and April 16, 2014. During republishing, the government presented live testimony of three FBI agents, and also made the transcripts of all witnesses who previously testified before Special Grand Juries 8-5, 10-3, and 11-5 available to Special Grand Jury 13-1. Special Grand Jury 13-1 returned a true bill for the Seventh Superseding Indictment on April 16, 2014.

In an Opinion and Order [214] issued May 9, 2014, this Court considered and denied Defendants Zajac's, Beasley's, Stewart's, and Dixon's motions to dismiss the Fifth Superseding Indictment. Rejecting Defendants' statute-of-limitations arguments, this Court concluded that:

> Given the return of the Seventh Superseding Indictment by a new grand jury, which alleges in Count 1 that the conspiracy continued into the limitations period, Defendants' motions to dismiss the Fifth Superseding Indictment are now moot. There is no need to toll the relevant five-year statute of limitations.

*United States v. Beasley*, No. 12-20030, 2014 WL 1870796, at *2 (E.D. Mich. May 9, 2014). Addressing and rejecting arguments that Defendant Zajac repeats here -- that the Fifth Superseding Indictment was not validly pending at the time the new special grand jury returned the Seventh Superseding Indictment thus rendering the Fifth Superseding

2

Indictment a "nullity" and void from inception and incapable of tolling the statute of limitations -- this Court also concluded that, even if tolling were required, it would be proper here. *Id.* at **2-7. Applying relevant Sixth Circuit law, this Court determined that the Fifth Superseding Indictment was "validly pending" at the time the Seventh Superseding Indictment was returned." *Id.* at *3. The Court reaffirms those legal conclusions here.

## II. Analysis

This matter is now before the Court on three motions brought by Defendant Zajac. Two raise discovery issues and the third is a substantive motion to dismiss. The Court first addresses Defendant Zajac's two discovery motions.

### A. Discovery Motions

Citing Federal Rule of Criminal Procedure 6(e)(3)(E)(ii),[1] Defendant Zajac seeks disclosure of all grand jury materials considered by the Special Grand Juries that returned the Fifth and the Seventh Superseding Indictments. He makes this request despite already being provided with the grand jury transcripts of every witness who testified before Special Grand Juries 8-5, 10-3, and 11-5, over 100 witnesses in total, prior to Defendant Zajac's filing of his motion to dismiss the Fifth Superseding Indictment and despite being provided

---

[1]Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides that:

(E) The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:

\* \* \* \* \*

(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

Fed. R. Crim. P. 6(e)(3)(E)(ii).

with the grand jury transcripts of every witness who testified before the Special Grand Jury that returned the Seventh Superseding Indictment. To the extent Defendant Zajac seeks grand jury materials previously provided, his motions are DENIED AS MOOT.

To the extent Defendant Zajac seeks additional grand jury materials, his motions are DENIED. It is well established that "[t]he discretion of the trial judge and the requirement of a showing of 'particularized need' . . . govern motions for pretrial disclosure of grand jury transcripts." *United States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982) (concluding that "it was an abuse of discretion" for the trial court "to fail to require that the defendants" satisfy the "particularized need" test). Defendant Zajac has not satisfied the "particularized need" test.

This Court has already rejected Defendant Zajac's (as well as the other Defendants') arguments challenging the validity of the Fifth Superseding Indictment and determined that the validity of the Fifth Superseding Indictment was rendered moot by the return of the Seventh Superseding Indictment. *See United States v. Beasley*, No. 12-20030, 2014 WL 1870796 (E.D. Mich. May 9, 2014). Accordingly, contrary to Rule 6(e)(3)(E)(ii), Defendant Zajac has not and cannot show that "a ground may exist to dismiss the [Fifth Superseding] indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Likewise, Defendant Zajac cannot satisfy the "particularized need" for discovery of additional grand jury materials provided to the Special Grand Jury that returned the Seventh Superseding Indictment primarily because the government has already provided Defendant Zajac with all the transcripts presented to that Special Grand Jury. Defendant has all the information he needs to bring a motion to dismiss; and indeed, has already filed a motion to dismiss. As discussed below, even with the requested

4

additional discovery, Defendant Zajac could not show that a ground exists to dismiss the Seventh Superseding indictment "because of a matter that occurred before the grand jury." *Id.*

    **B. Motion to Dismiss**

In his motion to dismiss, Defendant Zajac argues that the Seventh Superseding Indictment should be dismissed because (1) it is based on void and improper information and thus violates his Fifth Amendment Due Process rights; and (2) both the Fifth and Seventh Superseding Indictments were obtained through prosecutorial misconduct. These arguments are rejected.

It is well-established in the Sixth Circuit how trial courts are to address arguments challenging grand jury proceedings and seeking dismissal of an indictment:

> The starting point for consideration of all questions concerning judicial involvement in grand jury proceedings is . . . the Supreme Court's seminal decision in *Costello v. United States*, 350 U.S. 359 (1956). This Court . . . has consistently given the *Costello* language a literal reading: "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." 350 U.S. at 363.

*United States v. Adamo*, 742 F.2d 927, 935-36 (6th Cir. 1984) (internal quotation marks and citations omitted). As the Supreme Court observed in *Costello*, "[t]he Fifth Amendment requires nothing more." 350 U.S. at 363.

Here, just as in *Adamo*, there is no claim that Special Grand Jury 13-1, the grand jury that returned the Seventh Superseding Indictment, was not "legally constituted," and there is no argument that the Seventh Superseding Indictment was not "valid on its face." *See Adamo*, 742 F.2d at 936. Rather, "[t]he sole claim presented is that the grand jury . . . was made biased by the conduct of the Assistant United States Attorney." *Id.* Conduct by

5

prosecutors that Defendant Zajac claims prejudiced Special Grand Jury 13-1 includes: (1) allowing an FBI agent to reference a transcript from a witness who testified before Special Grand Jury 11-5 a few days after its 18-month statutory term expired; (2) allowing Special Grand Jury 13-1 to hear "non-verbatim" testimony from FBI agents and to read transcripts from witnesses who testified before Special Grand Juries 8-5, 10-3 and 11-5 rather than providing live witness testimony; and (3) otherwise using "improper" evidence, e.g., incompetent, inadequate, incomplete, or irrelevant evidence, before Special Grand Jury 13-1.

As the Sixth Circuit explained in *Adamo*, "'bias,' as used in *Costello*, refers to a grand jury which is predisposed in one way or another at the time of selection." 742 F.2d at 936. Just as in *Adamo*, "[t]here is no claim here that the grand jurors who indicted the [Defendant] were not subjected to *voir dire*, that the *voir dire* was inadequate, nor that jurors who demonstrated bias on *voir dire* were not excused." *Id.* Thus, similar to the Sixth Circuit's conclusion in *Adamo*, "there is no basis for the claim that the grand jury was biased in the sense that [the Sixth Circuit] understand[s] *Costello* to employ that term." *Id.*

This Court, similar to the *Adamo* court, will go further, however, and assume "that a grand jury which at its inception was legally constituted and unbiased can be made to fall short of the *Costello* standard by prosecutorial misconduct. . . ." *Id.* It concludes, for the reasons discussed below, that Defendant Zajac has failed to demonstrate that Special Grand Jury 13-1 was so biased.

### A. Indictment's Validity Not Affected By Character of Evidence Considered By the Grand Jury

Defendant Zajac's reliance on *United States v. Johnson*, 319 U.S. 503, 508 (1943),

is misplaced. *Johnson* does not support his argument that testimony taken after the expiration of Special Grand Jury 11-5's 18-month term is a nullity and an FBI agent's reference to it when testifying before a newly-constituted Special Grand Jury requires dismissal of the Seventh Superseding Indictment.

In *Johnson*, the Supreme Court reversed the Seventh Circuit's decision "that an order extending the life of the grand jury was void, and that the indictment was therefore returned by a body not lawfully empowered to act." *Id*. at 507. The Seventh Circuit had construed the challenged order in a manner that limited the scope of the grand jury's investigations. *Id*. at 508. The *Johnson* Court found that reading the order narrowly, as the Seventh Circuit did, was "to dissociate language from its appropriate function and to disregard the historic role of the grand jury in our federal judicial system." *Id*. 508-09. It explained:

> To read [the order] as the court below read it is to go out of one's way in finding that the judge who granted the order of extension either wilfully or irresponsibly did a legally forbidden act, namely, to allow a grand jury to sit beyond the term and take up new instead of finishing old business. For the legal limitations governing extensions of the life of a grand jury do not lie in a recondite field of law in which a federal district judge may easily slip. Certainly every district judge in a great metropolitan center like Chicago knows that in authorizing a grand jury to continue to sit "for the purpose of finishing" their "investigations," the "investigations" must have begun during the grand jury's original term and that new domains of inquiry may not thereafter be entered by the grand jury.

*Id*. at 509-510.

Thus, in *Johnson*, the issue discussed and decided was the scope of an order of extension. Nothing in that decision lends support to Defendant's argument here. *Johnson* does not support Defendant Zajac's argument, and he fails to provide any other supporting authority. Indeed, numerous Supreme Court and Sixth Circuit decisions have rejected similar arguments that the validity of an indictment is based on the character of the

7

evidence considered by the grand jury.

In *Costello*, the Supreme Court affirmed the Second Circuit's decision "holding that the indictment was valid even though the sole evidence before the grand jury was hearsay." *Id.* at 408. In *Costello*, the Supreme Court explained:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. <u>This is not required by the Fifth Amendment</u>. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. <u>The Fifth Amendment requires nothing more</u>.

*Costello*, 350 U.S. at 363 (footnote omitted) (emphasis added). And, as the Sixth Circuit observed in *Adamo*, "[t]his language from *Costello* can only be read to hold that a grand jury presented with inadequate or incompetent evidence may nevertheless be an unbiased grand jury capable of returning a valid indictment." *Adamo*, 742 F.2d at 939. In *Adamo*, the Sixth Circuit rejected the defendants' arguments that the trial court erred in denying their motions to dismiss an indictment that they claimed was invalid because "the Assistant United States Attorney withheld exculpatory evidence and used perjured testimony to obtain the indictment." *Id.* at 935, 936-942.

Defendant Zajac's argument here that the prosecutor presented to Special Grand Jury 13-1 evidence that he considers "void" or "incompetent" and thus creates a biased grand jury, "cannot be reconciled with the Supreme Court's holding [in *Costello*]" and thus fails. *Id.* Similarly lacking in merit is Defendant Zajac's argument that "but for" consideration of this incompetent evidence, Special Grand Jury 13-1 would not have returned the Seventh Superseding Indictment. As the Sixth Circuit observed in *Adamo*, these types of "but for"

8

contentions are "sheer speculation," and the "[c]ourts and counsel may not indulge in such speculation." *Id.* at 938. Rather, "'[i]t is enough . . . that there is *some* competent evidence to sustain the charge issued by the Grand Jury even though other evidence before it is incompetent or irrelevant in an evidentiary sense or even false.'" *Id.* at 939 (quoting with approval *Coppedge v. United States*, 311 F.2d 128, 132 (D.C. Cir. 1962) (emphasis in original). Moreover, the "federal courts are not permitted to test the evidence supporting an indictment." *Id.* (citing *United States v. Short*, 671 F.2d 178, 181 (6th Cir. 1982)).

This Court's decision is further supported by the Supreme Court's decision in *United States v. Calandra*, 414 U.S. 338 (1974). There, the Supreme Court reversed a Sixth Circuit decision holding that "the exclusionary rule may be invoked by a witness before the grand jury to bar questioning based on evidence obtained in an unlawful search and seizure." *Id.* at 342. The *Calandra* Court began its analysis by examining the grand jury's historical, traditional role and function:

> Traditionally the grand jury has been accorded wide latitude to inquire into violations of criminal law. No judge presides to monitor its proceedings. It deliberates in secret and may determine alone the course of its inquiry. The grand jury may compel the production of evidence or the testimony of witnesses it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials.

*Id.* at 343. It then addressed the broad nature of grand jury proceedings:

> A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person. The grand jury's investigative power must be broad if public responsibility is adequately to be discharged.

*Id.* at 343-44. Important here, the *Calandra* Court emphasized that "the validity of an

9

indictment is not affected by the character of the evidence considered" by the grand jury:

> The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination.

*Id.* at 344-45 (internal citations omitted). Applying those principles, the *Calandra* Court held that "allowing a grand jury witness to invoke the exclusionary rule would unduly interfere with the effective and expeditious discharge of the grand jury's duties." *Id.* at 350. It explained:

> Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial function unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial. Permitting witnesses to invoke the exclusionary rule before a grand jury would precipitate adjudication of issues hitherto reserved for a trial on the merits and would delay and disrupt grand jury proceedings.

*Id.* at 348.

The Sixth Circuit has similarly concluded that the validity of an indictment is not affected by the character of the evidence considered by the grand jury. *See, e.g. Adamo*, *Short*. *See also United States v. Johnson*, 931 F.2d 57 (Table), 1991 WL 63622, **1-2 (6th Cir. April 23, 1991) (rejecting the defendant's argument that the indictment against him should be dismissed because an FBI special agent "offered hearsay testimony to the grand jurors, even though first-hand witnesses were available;" "some of the testimony offered" by the FBI agent "was false or misleading;" and "the prosecutor . . . improperly cut off certain questions posed by the grand jurors.").

### B. Allegations of Prosecutorial Misconduct Fail To Satisfy Sixth Circuit Test

Defendant Zajac further argues that this Court should dismiss the Seventh

Superseding Indictment based on the Assistant United States Attorneys' alleged multiple violations of law regarding proceedings before the grand jury, i.e., improperly providing testimony to Special Grand Jury 11-5 after its 18-month term expired, referencing that testimony before Special Grand Jury 13-1, using non-verbatim prior testimony of special grand jury witnesses rather than live witnesses before Special Grand Jury 13-1, and using improper, incompetent (void), inadequate, incomplete, or irrelevant evidence before Special Grand Jury 13-1. For the reasons discussed above and below, this argument is rejected.

As discussed above, Defendant Zajac has not established that his Fifth Amendment right to a grand jury indictment has been violated by issuance of the Seventh Superseding Indictment. Likewise, he has not satisfied the two-prong test required by the Sixth Circuit for the dismissal of an indictment under the Court's supervisory power. *See United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985).

In *Griffith*, the Sixth Circuit acknowledged that an exercise of the Court's supervisory power to dismiss an indictment requires the defendant to demonstrate that (1) "prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district," *id.* (internal quotation marks and citation omitted) and (2) "he was prejudiced by the prosecutor's actions." *Id.* Defendant Zajac has not shown either. Similar to the defendant in *Griffith*, he offers "no proof that prosecutors in the Eastern District of Michigan have a history of abusing the grand jury process." *Id.* Defendant offers only the fact that Special Grand Jury 11-5 continued to conduct business a few days beyond the 18-month statutory term. *See* 18 U.S.C. § 3331(a). The government persuasively argues that it did not intentionally abuse the grand jury process – that it calculated the commencement date of the 18-month period on September 21, 2011, the date Special Grand Jury 11-5

commenced conducting business. (Gov't Resp. at 3.) *See also Beasley*, 2014 WL 1870796 at *7 and *7 n.2 (observing that the Fifth Superseding Indictment was returned "within the 18-month time period the empaneling judge initially told [the Special Grand Jury] they had to complete their statutory duties"). There is no evidence of long-standing prosecutorial misconduct in grand jury proceedings in the Eastern District of Michigan.

Defendant Zajac also fails to show that he was prejudiced by the alleged prosecutorial misconduct in grand jury proceedings. As the Sixth Circuit emphasized in *Griffiths*, "prejudice must be shown before we will use a constitutional basis or our supervisory power to dismiss an indictment for prosecutorial misconduct." 756 F.2d at 1249. "Dismissal of the indictment based on the prosecutor's misconduct before the grand jury is warranted only where the misconduct undermined the grand jury's ability to make an informed and objective evaluation of the evidence presented to it." *Id.* at 1250 (internal quotation marks and citation omitted).

This Court has already discussed and rejected Defendant Zajac's argument that he was prejudiced by the prosecutor's introduction of evidence before the grand jury that he characterized as incompetent (void), inadequate, inaccurate, incomplete or irrelevant. It now addresses and rejects Defendant's argument that the prosecutors improperly used "non-verbatim" testimony from FBI agents rather than live witness testimony that would allow the grand jurors to assess that witness's credibility.

In *United States v. Reyes*, 51 F. App'x 488, 493 (6th Cir. 2002), the Sixth Circuit rejected the defendants' claim that the indictment in that case was "flawed because (1) the case agent was the only witness to testify before the grand jury and (2) the indictment was based on hearsay evidence." The *Reyes* court found neither objection valid, explaining that

12

"Defendants cannot challenge the sufficiency or competence of the evidence presented to a grand jury." *Id.* (citing *United States v. Powell*, 823 F.2d 996 (6th Cir. 1987). It further observed that "an indictment may be based *entirely* on hearsay." *Id.* (emphasis in original).

Similar to Defendant Zajac here, in *Powell*, the defendant argued that the indictment charging him should be dismissed "on the ground that the government had deprived the grand jury of the right and opportunity to review the evidence" and was biased because it was only given an IRS agent's "conclusions and inferences and few or none of the underlying facts." 823 F.2d at 999. In *Powell*, the government provided the testimony of one summary witness, an IRS agent, as well as excerpts from the testimony of another witness who testified before a previous grand jury. *Id.* at 998-999. The defendant insisted that he was not challenging the sufficiency of the evidence presented to the grand jury; rather, he challenged "whether grand jurors may lawfully transfer to a government agent the obligation independently to evaluate the evidence against the target of a grand jury investigation." *Id.* at 1000. The Sixth Circuit rejected the defendant's argument, no matter how framed, and found the Supreme Court's decision in *Costello* controlling. *Id.*

> In light of *Costello*, it is not surprising to find that this Circuit has declared that the "validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate, or hearsay." *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982). We held the challenge to the validity of the indictment in *Markey* to be "without merit" even though the FBI agent's testimony before the grand jury was arguably "slim and vague" because the agent had failed to bring his investigatory file to the hearing. *Markey*, 693 F.2d at 596.
>
> In *United States v. Short*, 671 F.2d 178 (6th Cir.), *cert. denied*, 457 U.S. 1119 (1982), we did not hesitate to reverse where the district court had examined the entire grand jury record and then dismissed a count in the indictment because there was no evidence to support the charge. After canvassing Supreme Court

13

and Sixth Circuit precedent, *Short* reiterated that criminal cases should not be "further attenuated by preliminary trials concerning the adequacy of grand jury proceedings, a concern particularly noted in *Costello*." *Short*, 671 F.2d at 182 (quoting *United States v. Barone*, 584 F.2d 118, 125 (6th Cir. 1978), *cert. denied*, 439 U.S. 1115 (1979)). *Short* endorsed the conclusion of the Fifth Circuit in *United States v. Cruz*, 478 F.2d 408, 412 (5th Cir.), *cert. denied*, 414 U.S. 910 (1973), that "[w]e will not review the sufficiency of the evidence, *if any*, supporting the grand jury indictments in this case." (Emphasis supplied).

*Id.* at 1000-1001.

The *Powell* court further observed that "there is to be 'strict application' of the rule against inquiry into grand jury processes except where it is alleged that the body is 'biased or illegally constituted.'" *Id.* at 1001 (quoting *Short*, 671 F.2d at 182). And, "[a] claim that the grand jury becomes biased because the prosecutor presented evidence which an appellant considers inadequate or incompetent cannot be reconciled with the Supreme Court's holding in *Costello*." *Id.* (internal quotation marks and citation omitted). In *Powell*, the Sixth Circuit agreed with the district court that, although the government had not followed the "preferred method for presenting evidence to the grand jury," the defendant "had failed to demonstrate a history of abuse of the grand jury process in the district" and found "no merit in Mr. Powell's other contentions." *Id.*

Defendant Zajac's similar claims fail for all the reasons discussed above. He has not demonstrated a long-standing or common problem in grand jury proceedings in this district and has not shown that he was prejudiced by the prosecutor's actions in proceedings before Special Grand Jury 13-1. Accordingly, his motion to dismiss the Seventh Superseding Indictment is denied.

### III. Conclusion

For the above-stated reasons, Defendant Zajac's motions (1) to dismiss the Seventh

Superseding Indictment [238], joined by Defendants Dixon [243] and Stewart [252]; and (2) for disclosure of grand jury recordings, transcripts, documents and exhibits regarding the Fifth [236] and Seventh [237] Superseding Indictments are DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 12, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2014, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager