UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-5 RONALD ZAJAC,

    Defendant.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING THE ESTATE OF RONALD ZAJAC'S MOTION TO VACATE HIS CONVICTION, DISMISS THE INDICTMENT, AND ORDER THE RETURN OF FORFEITED FUNDS [495]**

On December 8, 2014, following a lengthy jury trial, Defendant Ronald Zajac was found guilty of one count of conspiracy to commit honest services fraud in violation of 18 U.S.C. § 1349. Approximately nine months later–shortly before he was scheduled to be sentenced–Zajac died of natural causes.[1] In light of his passing, Zajac's Estate (the "Estate") now moves for an order (1) vacating his conviction and dismissing the indictment, and (2) compelling the Government to return $150,000 in forfeited funds tendered by Zajac prior to his passing. *See* (Dkt. 477). The Government "concedes that the abatement principle applies to [] Zajac's conviction . . . ." but vigorously contests the Estate's right to any funds paid pursuant to the preliminary order of criminal forfeiture. (Gov. Br. 5).

For the reasons stated more fully below, the Court VACATES Zajac's conviction, DISMISSES the indictment, and orders the Government to return the forfeited funds to the

---

[1] On September 15, 2015, Zajac's Estate was substituted as a party to this action. (Dkt. 493).

Estate.

"Death pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception." *Durham v. United States*, 401 U.S. 481, 483 (1971). In other words, "all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender." *United States v. Dunne*, 173 F.254, 258 (9th Cir. 1909). This principle–commonly referred to as abatement *ab initio*–applies with equal force where, as here, the defendant "died before judgment was entered and before the purported notice of appeal was filed." *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1987). The parties shared understanding of the abatement principle begins and ends here. According to the Estate, all criminal penalties, including the $150,000 paid by Zajac pursuant to the stipulated preliminary order of forfeiture, are subject to abatement. The Government disagrees, maintaining that "fines paid prior to death, as well as the forfeiture judgment in this case, 'are analogous to time served and are not refundable.' " (Gov. Br. 7) (citing *United States v. Zizzo,* 120 F.3d 1338 (7th Cir. 2004).

While the Sixth Circuit has not specifically addressed the interplay–if any–between the rule of abatement and criminal forfeiture, the Court is unable to reconcile the Government's position with the widely accepted notion that "[u]nder the doctrine [of abatement *ab initio*] . . . the defendant stands as if he never had been indicted or convicted." *United States v. Logan*, 106 F.3d 1547, 1522 (11th Cir. 1997). Indeed, from a theoretical perspective, "[t]wo primary approaches support abatement *ab initio*. The finality principle reasons that the state should not label one as guilty until he has exhausted his opportunity to appeal. The punishment principle asserts that the state should not punish a dead person *or his estate*." *United States v. Parsons*, 367 F.2d 409, 413 (5th Cir. 2004) (emphasis added). Under the

2

finality rationale, "neither the state nor affected parties should enjoy the fruits of an untested conviction." *Id.* at 414. Likewise, as several circuits have recognized, "the criminal justice system exists primarily to punish and cannot effectively punish one who has died." *Id; see also United States v. Christopher*, 273 F.3d 294, 297 (3d Cir. 2001) ("[c]riminal forfeitures and fines are subject to abatement."). In this way, a "fine in a criminal case is comparable to the balance of the defendant's prison sentence; the . . . fine, like the remaining sentence, abate[s] with death." *United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006) (quoting *United States v. Bowler*, 537 F.Supp. 933, 935 (N.D. Ill. 1982) ("noting that a criminal fine is not awarded as compensation to the United States; rather, it is a punishment for which there is no justification after defendant's death").

As the authority relied upon by the Government makes clear, "the punishment rationale [also] supports [the] . . . distinction between penal and compensatory restitution orders and justifies the line, . . . drawn at the time of death." *Parsons*, 367 F.2d at 414. But importing this logic to the forfeiture context only bolsters the Estate's argument. Indeed, "[a] penal provision, such as a fine or criminal forfeiture, abates with the conviction. If viewed as compensatory, a restitution order survives." *Christopher*, 273 F.3d at 298. Here, the Government maintains that the preliminary order of forfeiture was intended to be compensatory because "it included a provision . . . that would allow [Zajac] to partially satisfy his restitution amount through restoration of the forfeited $150,000." (Gov. Br. 9). The Court is not persuaded by this argument for two reasons. First, "while some aspects of the forfeiture many have been remedial, there is no doubt that it was essentially penal. The forfeiture was a step in the criminal process: it was pleaded in the indictment . . . ." *Oberlin*, 718 F. 2d 894, 896. Moreover, notwithstanding the Government's stated

3

intent–which is impossible to verify in light of Zajac's passing–"the Asset Forfeiture Money Laundering Section (AFMLS) at the Department of Justice has been delegated the authority by the Attorney General to decide whether forfeited assets may be restored to victims and retains decision-making authority on this issue." (Gov. Br. 8). In other words, even if the Court was inclined to take the Government's assertion at face-value, there is no guarantee that the AFMLS would have granted its request for restoration in the first place. Accordingly, the Government's position has no validity under the punishment rationale, and the Court is left only with the conclusion that the "forfeiture aspect of [D]efendant's conviction, being essentially penal, abated along with [the] remainder of [D]efendant's criminal conviction." *United States v. Asset*, 990 F.2d 208, 211 (5th Cir. 1993) (citing *Oberlin*, 718 F.2d at 896).

For the above-stated reasons, the Court VACATES Zajac's conviction, DISMISSES the indictment, and orders the Government to return the forfeited funds to the Estate within 30 days of this Order.

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: October 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 5, 2015, by electronic and/or ordinary mail.

       s/Carol J. Bethel
       Case Manager